# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### SPARTANBURG DIVISION

Dorothy Mae Thompson,      )
                                    )
             Plaintiff,     )      Civil Action No. 7:19-cv-02504-TMC
                                    )
vs.                             )
                                    )
Jeffery Brown, *CEO Ally Bank*; and  )           **ORDER**
Sangeet Chowfla, *CEO GMAC*,    )
                                    )
            Defendants.   )
_____)

Plaintiff Dorothy Mae Thompson ("Thompson"), proceeding *pro se* and *in forma pauperis*, brought this action asserting a claim for breach of contract against the above-named Defendants,[1] based on the repossession of her vehicle.  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(b), (e), D.S.C., this matter was referred to a magistrate judge for pretrial handling.  Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss Thompson's action with prejudice and without service of process for lack of subject matter jurisdiction.  (ECF No. 17).  In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference.  *See id*.  Thompson was advised of her right to file specific objections to the Report, *id*. at 6, but failed to do so.  The time for Thompson to object to the Report has now expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  *Mathews v. Weber*,

---

[1] In her original Complaint, Plaintiff named GMAC Financial Services and Ally Payment Processing Center as the defendants.  *See* (ECF No. 1).  However, in her Amended Complaint, she names only Sangeet Chowfla, the CEO of GMAC Financial Services, and Jeffery Brown, the CEO of Ally.  *See* (ECF No. 11).

423 U.S. 261, 270 (1976). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, "[i]n the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation." *White v. Stacher*, C/A No. 6-05-1737-GRA-WMC, 2005 WL 8163324, at *1 (D.S.C. Aug. 29, 2005) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Thus, after a careful and thorough review of the Report and Thompson's pleadings, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No. 17), which is incorporated herein by reference. Accordingly, for the reasons stated therein and in this Order, this case is **DISMISSED with prejudice**[2] and without service of process.

---

[2] The magistrate judge issued an Order on September 11, 2019, informing Thompson that her Complaint was subject to summary dismissal for lack of subject matter jurisdiction and permitting her to file an amended complaint within twenty-one days. (ECF No. 9). The Order further warned that, if Thompson failed to file an amended complaint or otherwise cure the deficiencies outlined in the Order, the magistrate judge would recommend the case be dismissed without further leave for amendment of the Complaint. *See id*. at 10. Thompson filed her Amended Complaint on September 26, 2019, (ECF No. 11). Nevertheless, the magistrate judge found that Plaintiff's Amended Complaint did not cure the jurisdictional deficiencies in the original complaint and failed to state a claim for which relief may be granted. (ECF No. 17 at 5, 9–10, 11).

**IT IS SO ORDERED.**


                                                    s/Timothy M. Cain
                                                    United States District Judge
November 22, 2019
Anderson, South Carolina



## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4

of the Federal Rules of Appellate Procedure.